IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

PAUL D. AMMERMAN,

                       Petitioner,                  OPINION AND ORDER

    v.

                                                   17-cv-684-slc

MICHAEL A. DITTMANN, Warden,
Columbia Correctional Institution,

                       Respondent.
_____

       Paul Ammerman, an inmate at the Columbia Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his May 8, 2014, judgment of conviction in Ozaukee County Circuit Court for 1 count of possession of child pornography. On July 21, 2020, the parties consented to magistrate judge jurisdiction and this case was transferred to me. The petition is now before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. In conducting this review, the court has considered the petition and its attachments, Ammerman's supporting brief and the decision of the Wisconsin Court of Appeals on his direct appeal. *State v. Ammerman*, 2015AP199-CRNM, 2016 WL 8578139 (Feb. 3, 2016) (Ex.1 to Pet. (dkt. #1-2)). Because these materials plainly show that Ammerman is not entitled to relief, his petition will be dismissed.

BACKGROUND

On or about January 31, 2013, police told Ammerman's probation agent that they had learned that a computer with an IP address traced to Ammerman had been used to share pornographic images. Because Ammerman was prohibited from possessing pornography under the rules of his probation, Ammerman's probation agent responded to the police's report by searching Ammerman's apartment and seizing computers, media storage devices, DVDs and other contraband found therein. Police officers were present during the search and seizure.

Police later obtained a warrant to search the computers, media storage devices and related materials for evidence of child pornography. These materials were sent to the state crime lab for forensic analysis. Ammerman subsequently was charged in the Circuit Court for Ozaukee County with 15 counts of possessing child pornography.

Ammerman's trial counsel filed a motion to suppress evidence in which he challenged the search of Ammerman's apartment on the ground that the police had used Ammerman's probation agent as a "stalking horse" to carry out an otherwise unlawful search and seizure. The trial court denied the motion. Ammerman then entered a plea of no contest to count one and the remaining counts were dismissed and read in at sentencing. The trial court sentenced Ammerman to a term of nine years' initial confinement and ten years' extended supervision, to be served consecutive to a sentence that Ammerman had previously been ordered to serve in a different case.

Ammerman was appointed a new attorney for purposes of pursuing an appeal. Counsel filed a no-merit report in the Wisconsin Court of Appeals, to which Ammerman filed five responses. After considering these submissions and reviewing the record independently,

the state appellate court affirmed the judgment summarily, finding no arguable merit to any issue that could be raised on appeal. The Wisconsin Supreme Court denied Ammerman's petition for review on September 8, 2016. Ammerman filed the instant federal habeas petition on September 1, 2017.

OPINION

Rule 4 of the Rules Governing Section 2254 Cases directs this court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" If the petition is not dismissed, then the judge must order the respondent to file an answer, motion, or other response within a fixed time, or take other action. When the court reviews a habeas petition for the first time, it evaluates whether petitioner has set forth cognizable constitutional or federal law claims, and whether petitioner has exhausted available state remedies. Further, the petition must cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

Ammerman seeks habeas relief on grounds of ineffective assistance of counsel. Specifically, he claims that his trial counsel committed the following errors: (1) failed to adduce certain evidence at the suppression hearing that would have proved the police used Ammerman's probation agent as a "stalking horse" to search his apartment; (2) failed to suppress "character evidence" prohibited under Wis. Stat. § 904.04; (3) failed to seek suppression of evidence on the ground that it was contaminated; and (4) failed to challenge the search warrant "because it was based on perjured and incredible averments, lack of probable cause, too general, broad and overreaching, and the affidavit was based on unproven

facts." (Pet. (dkt. #1) at 8.) Ammerman asserts that he presented all of these claims to the state court of appeals during the no-merit proceeding, but because of length restrictions he presented only the last two claims to the Wisconsin Supreme Court in his petition for review.

I.  **Ammerman Procedurally Defaulted Claims 1 and 2**

Under the rules governing habeas corpus petitions, a state prisoner must fully exhaust his claims by presenting them at all levels of review in the state courts before the federal court may consider the claims on their merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A). By failing to present his first two claims in his petition for review, Ammerman has failed to exhaust his state court remedies with respect to these claims. Because the time for him to present these claims to the Wisconsin Supreme Court has long passed, his failure to exhaust constitutes a procedural default that prevents this court from considering the merits of the claims. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) (failure to exhaust available state court remedies constitutes a procedural default). A procedural default can be overcome if the petitioner shows cause and prejudice or that a fundamental miscarriage of justice will result if the court declines to consider the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Because Ammerman admits that he deliberately omitted Claims 1 and 2 from his state court petition for review, he cannot establish cause for his default. "Cause" sufficient to excuse a procedural default is defined as some "objective factor external to the defense," -- interference by officials or unavailability of the factual or legal basis for a claim, for example -- which prevents the petitioner from pursuing his claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Barksdale v. Lane*, 957 F.2d 379, 385 (7th Cir. 2003). The state

supreme court's length limit on petitions for review did not "prevent" petitioner from pursuing his claim, it just made it more difficult. That does not rise to the level of "cause" as that term has been defined by the United States Supreme Court.

As for the second ground for overcoming procedural default, Ammerman makes no suggestion that he could satisfy the fundamental miscarriage of justice exception. To do this, he would have to demonstrate his "actual innocence" by presenting clear and convincing evidence that, but for the alleged constitutional errors, no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Ammerman has not made this showing. Accordingly, this court has no basis to excuse his default on Claims 1 and 2.

## II. Ammerman's Remaining Claims of Ineffective Assistance Are Meritless

Neither of Ammerman's remaining claims of ineffective assistance of counsel has merit. To establish a claim for ineffective assistance of counsel, a defendant must prove that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) the attorney's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant "bears a heavy burden when seeking to establish an ineffective assistance of counsel claim." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996) (quoting *Drake v. Clark*, 14 F.3d 351, 355 (7th Cir. 1994)). To satisfy the first prong of the *Strickland* test, the performance element, a defendant must identify the acts or omissions of counsel that form the basis of his claim of ineffective assistance. *Strickland*, 466 U.S. at 690; *United States v. Moya-Gomez*, 860 F.2d 706, 763-64 (7th Cir. 1988). A court's review of counsel's performance is highly deferential, presuming reasonable judgment and declining to second-guess strategic choices. *Strickland*, 466 U.S. at 689; *Kimmelman v. Morrison*, 477 U.S.

365, 381 (1986); *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). With regard to the second prong, the prejudice element, "the defendant must show that there is a probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Moya-Gomez*, 860 F.2d at 764.

As a preliminary matter, the court notes that the Wisconsin Court of Appeals found that "[b]y his no-contest plea Ammerman forfeited the right to raise nonjurisdictional defects and defenses, including claimed violations of constitutional rights," *Ammerman*, 2016 WL 8578139, at *3, and that this forfeiture included his ineffective assistance of counsel claims. Although the court of appeals was correct that a knowing and voluntary guilty plea bars the defendant from subsequently challenging alleged constitutional deprivations that occurred prior to the plea, *see Brady v. United States*, 397 U.S. 742 (1970), *McMann v. Richardson*, 397 U.S. 759 (1970), and *Parker v. North Carolina*, 397 U.S. 790 (1970), Ammerman contends that if he had known the evidence was contaminated and that legitimate grounds existed for attacking the search warrant, then he would not have taken the plea bargain "because the outcome would have been substantially different." (Pet.'s Br., dkt. # 2, at 6.)

Although conclusory, Ammerman's assertion arguably invokes the exception to the guilty-plea-waiver rule for claims of ineffective assistance of counsel in connection with the plea. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (defendant who enters plea based on advice of counsel can bring ineffective assistance claim if he can show that counsel's advice was not within range of competence demanded of criminal defense attorneys and a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial). In any event, it is not necessary to decide the waiver issue because,

as discussed below, there is no reasonable probability that Ammerman would have succeeded on the claims that he now believes his lawyer should have raised.

### A. Counsel's failure to seek suppression of evidence on ground that it was contaminated

As noted, Ammerman claims his lawyer was ineffective for failing to seek suppression of certain evidence on the ground it was contaminated. In support, Ammerman submits a letter from Michael Bredlau, a private investigator who informed petitioner's trial lawyer that a detective might have "contaminated" a zip drive containing pornographic images when he inserted the drive into a laptop computer without using write-blocking hardware or software that would have prevented the computer from altering the dates and times on the examined files. Ammerman asserts that he did not know about Bredlau's letter when he entered his plea and that his lawyer was ineffective for failing to share it with him or bring a motion to suppress the potentially contaminated evidence.

Despite finding that Ammerman had waived this claim by pleading guilty, the Wisconsin Court of Appeals nonetheless addressed it and concluded that it had no merit. *Ammerman*, 2016 WL 8578139, *3. First, the court rejected Ammerman's assertion that he was unaware of the investigator's concerns, finding from the record that "Ammerman *was* informed of Bredlau's concern that the evidence was contaminated prior to his May 8, 2014 no-contest plea." *Ammerman*, 2016 WL 8578139, at *3 (emphasis added). Second, the state appellate court found that even if the evidence had been contaminated, this contamination was limited to the zip drive and did not affect the other items examined by the Division of Criminal Investigation's crime lab, including Ammerman's computer and laptop. *Id*. at *3. Thus, found the court, "Ammerman's suggestion that he was not aware of the potential claim

that the detective contaminated evidence has no bearing on the evidence discovered by DCI for use at trial." *Id*.

Under 28 U.S.C. § 2254(e), state court findings of fact are presumed correct unless the petitioner presents clear and convincing evidence to rebut the presumption. Here, Ammerman asserts only that "he did not have access" to the investigator's letter until after the no-merit brief was filed. (Pet. (dkt. #1) at 8). Ammerman's self-serving, conclusory assertion does not constitute "clear and convincing" evidence to rebut the court of appeals' conclusion to the contrary. Further, Ammerman does not dispute the court's finding that the crime lab recovered other incriminating evidence from other items seized from his apartment, and he makes no attempt to explain why the files on the zip drive mattered to his decision to enter a plea. As a result, Ammerman has failed to show that he would not have pled no contest had it not been for his counsel's failure to seek suppression of the evidence found on the zip drive.

B. **Counsel's Failure to Challenge Search Warrant**

Ammerman contends that his attorney should have challenged the search warrant on various grounds; I will address these contentions in turn:

1. **Potential *Franks* Challenge**

Ammerman first argues that his attorney should have attempted to show that the warrant affidavit contained material omissions. *See Franks v. Delaware*, 438 U.S. 154, 155 (1978) (search warrant must be voided if defendant shows that affiant made false statement knowingly or with reckless disregard for truth and false statement was necessary to finding of probable cause). Such a motion would have failed. The only "omission" that Ammerman identifies is a failure by the affiant, Detective Wayne Lambrecht, to attach to his affidavit a copy of a report by the National Center for Missing & Exploited Children ("NCMEC") to which he referred in the affidavit. Lambrecht averred that, according to the NCMEC report, 18 of the files that Ammerman was sharing from his computer contained "recognized hash values" that were associated with files previously submitted to NCMEC, and one file contained a pornographic image or video that depicted at least one child previously identified by law enforcement. Ammerman says that if Lambrecht had attached an actual copy of the NCMEC report to his warrant affidavit, then the judge would have seen NCMEC's disclaimer stating that "NCMEC does not investigate and cannot verify the accuracy of the information" reported to it. As Ammerman sees it, this disclaimer undermines the finding of probable cause.

Ammerman is incorrect. Probable cause requires only "facts sufficient to induce a reasonably prudent person to believe that a search . . . will uncover evidence of a crime."

*United States v. Gregory*, 795 F.3d 735, 741 (7th Cir. 2015) (quoting *United States v. Roth*, 201 F.3d 888, 892 (7th Cir. 2000)).  It requires "'only a probability'—not absolute certainty." *United States v. Fifer*, 863 F.3d 759, 765 (7th Cir. 2017), cert. denied, 138 S. Ct. 1262 (2018) (quoting *Illinois v. Gates*, 462 U.S. 213, 245, n.13 (1983)).  The fact that Ammerman was sharing files from his computer of images previously identified by law enforcement as associated with child pornography made it probable that images of child pornography would be found on his computer and associated devices regardless whether NCMEC vouched for the accuracy of those reports.  Moreover, the NCMEC report was only one piece of evidence that Detective Lambrecht cited in his affidavit.  He also noted the suggestive names of the files (including "stickam—little school girl (11 yr).avi" and "(pthc)(orgasm) 6yr 8yr and 11yr")[1] that had been found on Ammerman's computer using a Peer-to-Peer file sharing network, and the discovery in Ammerman's apartment of an anatomically correct female child sex toy.  Given these uncontested facts, attaching NCMEC's disclaimer to Det. Lambrecht's affidavit would not have changed the probable cause analysis in any fashion.

---

[1] "PTHC" is a well-known child pornography acronym for "preteen hardcore."  See *United States v. Wanjiku*, 919 F.3d 472, 477 (7th Cir. 2019); *Matter of Decryption of a Seized Data Storage System*, 2013 WL 12327372 (E.D. Wis. 2013), *1, n.3.

### 2. Potential Particularity Challenge: Wrong Search Location

Ammerman contends that his trial attorney was ineffective for failing to challenge the warrant's execution on the ground that what it actually authorized was a search of his cell phone. As he points out, the warrant application's final "wherefore" clause asks the judge to issue a warrant "to search the described cell phone for the items referenced," and the warrant issued by the judge authorized the same. (Exhs. 11-12 (dkts. ## 1-12, 1-13).)

Ammerman seems to be arguing that his attorney should have challenged the warrant on the ground that it violated the particularity requirement. The Fourth Amendment's particularity requirement limits "the authorization to search to the specific areas and things for which there is probable cause to search," and in doing so "ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). The requirement is satisfied "if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended." *Steele v. United States*, 267 U.S. 498, 503 (1925).

Applying this rule, the Court of Appeals for the Seventh Circuit has upheld search warrants that include "minor technical errors or omissions . . . so long as there is no danger that the officers might inadvertently search the wrong place." *United States v. McMillian*, 786 F.3d 630, 639 (7th Cir. 2015) (quoting *United States v. Kelly*, 772 F.3d 1072, 1081 (7th Cir. 2014)(upholding a warrant that incorrectly described the premises as the "upper apartment," when the target was the two-story unit at the back of the residence)). Similarly, Wisconsin law provides that "[n]o evidence seized under a search warrant shall be suppressed because of technical irregularities not affecting the substantial rights of the defendant." Wis. Stat. §

968.22.  In *State v. Rogers*, 2008 WI App 176, ¶¶ 15-17, 315 Wis. 2d 60, 762 N.W. 2d 795, for example, the Wisconsin Court of Appeals held that where the affidavit correctly identified Rogers's car three times based on the executing officer's personal knowledge of Rogers's car from the officer's prior encounters with him, the search of Rogers's car was valid even though, as a result of a scrivener's error, the warrant itself incorrectly identified the defendant's car two times.

In light of these authorities, it is highly unlikely that the court would have granted a motion by Ammerman's counsel to suppress the search of his computer and related equipment on the ground that the warrant incorrectly described the place to be search.  The warrant affidavit began with this paragraph:

> Place to be Searched
>
> Hewlett Packard computer tower;
>
> A black Acer laptop computer;
>
> A Play Station 3 gaming console;
>
> Flash drives; CD's, DVD's, media storage devices;
>
> A black 16 mega pixel Fujifilm digital camera.

(Dkt. #1-12, at 2.)

Detective Lambrecht's affidavit goes on to explain how police developed suspicion that Ammerman possessed child pornography, how Ammerman's apartment was searched by his probation agent with the officers present and how the agent removed Ammerman's "Hewlett Packard computer tower, a black Acer laptop computer, a Play Station 3 gaming console, several flash drives and a black 16 mega pixel Fujifilm digital camera," along with hundreds of CDs.  (*Id*. at 4-6.)  The detective also explained that he was aware from his

training and experience that child pornography was produced, distributed and possessed primarily through the use of computers and the internet, that images or remnants of deleted files can be found on a computer's hard drive and on electronic storage devices, flash drives and other storage devices and that the state crime lab could "forensically examine computers, cell phones and other electronic equipment so as to preserve any evidence of a crime." (*Id*. at 3-6.)  Lambert thus sought permission to search the items listed above for

> Data, content, all history files, passwords, profiles, browsing history, internet research, emails received, emails sent, emails drafted or emails deleted, photos, stored files, instant messages, and or any other media, data or data fragments that the device or equipment might maintain, or any data which might have been deleted but stored within the memory in some alternate fashion.
>
> *Id*. at 2.

Det. Lambrecht further asserted that the evidence he was searching for constituted evidence of the crime of possession of child pornography.  *Id*.

> On February 8, 2013, Det. Lambrecht executed a warrant return averring that
>
> On 02-07-13 at approximately 2:00 p.m. the search warrant was executed on the items listed in the warrant.  The following items will be sent to the Division of Criminal Investigation lab to have a forensic search conducted:  HP computer tower, Acer laptop computer, Maxlor hard drive, a Play Station 3 gaming system and a 3.5 inch floppy disc.

Under these circumstances, Ammerman cannot persuasively argue that his substantial rights were affected by what plainly were erroneous references to a cellphone in the "wherefore" and "therefore" clauses of the affidavit and warrant, respectively.  Notably, Detective Lambrecht did not even aver that a cellphone was among the items removed from the apartment by the probation agent.  All he sought was to transfer custody of the computer and other items that already had been seized by probation from Ammerman's apartment so

they could be searched forensically by the crime lab. Detective Lambrecht was aware of the items that had been removed because he was present while the probation agent searched Ammerman's apartment. Thus, as in *Rogers*, 2008 WI App 176, there was no danger that the errors in the warrant would permit a "wide-ranging exploratory search" or that Detective Lambert would not be able to ascertain and identify the things intended to be searched.

Finally, Ammerman does not allege that Detective Lambrecht strayed beyond the particular list of items to be searched. For these reasons, there is no merit to a claim that Ammerman's lawyer should have challenged the warrant on grounds that it did not meet the particularity requirement. *Accord United States v. Stefonek*, 179 F.3d 1030, 1034 (7th Cir. 1999) (suppression not warranted where officers who executed patently overbroad warrant did not search beyond more limited, particular description in affidavit of things to be seized).

### 3.  Potential Overbreadth Challenge

Ammerman argues briefly that the warrant was overbroad and therefore unreasonable under the Fourth Amendment. The warrant authorized the search of Ammerman's computer systems and media storage devices for

> Data, content, all history files, passwords, profiles, browsing history, internet research, emails received, emails sent, emails drafted or emails deleted, photos, stored files, instant messages, and or any other media, data, or data fragments that the device or equipment might maintain, or any data which might have been deleted but stored within the memory in some alternate fashion.
>
> <u>Which Are Evidence Of the Crime of:</u> Possession of Child Pornography, contrary to Section 948.12(1m) and (3)(a).

The warrant authorized police to search the entire contents of Ammerman's computer for evidence of child pornography. Given the nature of computer files, this did not make the warrant overbroad. "Unlike a physical object that can be immediately identified as responsive to the warrant or not, computer files may be manipulated to hide their true contents." *United States v. Mann*, 592 F.3d 779, 782 (7th Cir. 2010). In turn, "there may be no practical substitute for actually looking in many (perhaps all) folders and sometimes at the documents contained within those folders, and that is true whether the search is of computer files or physical files. It is particularly true with image files." *United States v. Burgess*, 576 F.3d 1078, 1094–1095 (10th Cir. 2009) (upholding a warrant to search "all computer records" for evidence of drug trafficking). Ammerman does not contend that law enforcement agents exceeded the scope of the warrant by rummaging through his computer looking for evidence of any criminal activity whatsoever. So long as their search was limited to searching Ammerman's digital files for evidence of possession of child pornography, as it appears to have been, then the search was proper. Accordingly, Ammerman was not prejudiced by his attorney's failure to challenge the search warrant or its execution on grounds of overbreadth.

In sum, none of the grounds on which Ammerman contends his counsel should have challenged the warrant would have been successful. Accordingly, he cannot show that he was prejudiced or that his plea was invalid as a result of his lawyer's failure to raise these challenges.

IV. Certificate of Appealability

If Ammerman seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the

court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For all the reasons just discussed, Ammerman has not made such a showing. Therefore, a certificate of appealability will not issue.

ORDER

IT IS ORDERED THAT:

1. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Paul Ammerman's petition for a writ of habeas corpus (dkt. #1) is DISMISSED for his failure to state a plausible claim for relief.

2. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2).

Entered this 14th day of August, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge