IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

PAUL D. AMMERMAN,

                     Petitioner,                                    ORDER

   v.

                                                                          17-cv-684-slc

MICHAEL A. DITTMANN, Warden,
Columbia Correctional Institution,

                     Respondent.
_____

      Paul Ammerman has filed a motion for reconsideration of this court's August 17, 2020, order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 11. Under Fed. R. Civ. P. 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

Ammerman fails in his motion to present any evidence or argument warranting reconsideration of the judgment in this case. First, Ammerman challenges this court's dismissal of his claim that his trial counsel was ineffective for failing to seek suppression of a zip drive on the ground that it was contaminated. Specifically, Ammerman asserts that this court erred by: (1) accepting the finding by the Wisconsin Court of Appeals that Ammerman knew of the potential contamination before he entered his plea; and (2) finding that any contamination of the zip drive was irrelevant because it did not affect the other items examined by the Division of Criminal Investigation's crime lab, including Ammerman's laptop, which contained pornographic images. Ammerman submits letters from his attorney and the private investigator working on his case that he says prove that he did not know of the potential contamination issue and further, that he would have gone to trial had the zip drive been suppressed. Mot. for Recon., dkt. 11.

Neither the letters nor Ammerman's assertions establish that this court erred in accepting the Wisconsin Court of Appeals' finding that the "potential contamination" issue was not grounds to permit Ammerman to withdraw his plea. First, neither of the letters that Ammerman has submitted with his motion mentions the potential contamination issue, so they do not refute–much less rebut by clear and convincing evidence--the court of appeals' finding that Ammerman knew about it before his plea. Second, even the letter that Ammerman previously submitted from the investigator, Bredlau, does not establish that the zip drive *was* contaminated: all Bredlau says is that the detective who reviewed the zip drive "may well have" contaminated the evidence. Dkt. 1-4. This provides only weak support for Ammerman's suggestion that a motion by counsel to suppress the zip drive would have been successful.

Finally, to succeed on his claim of ineffective assistance of counsel in connection with the plea process, Ammerman must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In his habeas petition and supporting brief, Ammerman never said that he placed any particular importance on the zip drive in deciding to plead no contest, nor does it appear that he made that argument before the Wisconsin Court of Appeals. Now, on reconsideration, Ammerman asserts for the first time that, had the images on the zip drive been suppressed, he would have gone to trial and attempted to show that he was not aware of the pornographic images on his laptop, which he says was password protected and had a designated primary user named "John." As noted above, however, a party may not use a motion for reconsideration to present arguments or evidence that he could have presented earlier. Moreover, a federal court cannot grant habeas relief on a ground that was not presented to the state courts. Accordingly, there is no basis to reinstate Ammerman's claim that his trial counsel was ineffective for failing to seek suppression of the images on the zip drive.

Ammerman's remaining arguments are basically restatements of the same arguments he made in his brief in support of his habeas petition. For reasons explained in that order, neither of the search warrant challenges that Ammerman faults his counsel for not raising would have succeeded. As explained, the omission of the NCMEC disclaimer was harmless because it had no bearing on whether there was probable cause to search Ammerman's computers for child pornography, and the erroneous references in the warrant to a cell phone did not violate the particularity requirement.

ORDER

IT IS ORDERED that the motion of Paul Ammerman for reconsideration of this court's order dismissing his habeas corpus petition is DENIED.

Entered this 23rd day of September, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge